VANGUARD RESEARCH, INC.,
Plaintiff–Appellant,

v.

PEAT, INC., Defendant–Appellee.

No. 01–1373.

United States Court of Appeals,
Federal Circuit.

DECIDED: Sept. 9, 2002.

W. Michael Holm, Womble Caryle Sandridge & Rice, PLLC, of McLean, VA, argued for plaintiff-appellant. With him on the brief was Steven D. Kerr. Of counsel on the brief were Gary C. Huckaby, Bradley Arant Rose & White LLP, of Huntsville, AL; and Thomas R. Folk, Reed Smith Hazel & Thomas LLP, of Falls Church, VA.

Benjamin H. Albritton, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., of Montgomery, AL, argued for defendant-appellee. Of counsel was J. Mark Englehart.

Before NEWMAN, CLEVENGER and LINN, Circuit Judges.

LINN, Circuit Judge.

Vanguard Research, Inc. ("Vanguard") appeals a final judgment from the United States District Court for the Northern District of Alabama dismissing with prejudice Vanguard's declaratory judgment action alleging noninfringement, invalidity, and unenforceability of United States Patent No. 5,534,659 ("the '659 patent") owned by the defendant, PEAT, Inc., for lack of jurisdiction, ordering that Vanguard pay costs, and awarding PEAT its attorneys' fees. Because the district court erred in concluding that no case or controversy existed between the parties, the judgment dismissing the case for lack of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, is reversed, and the order of costs and the award of attorneys' fees are vacated.

## BACKGROUND

PEAT, through its predecessor companies, developed technology relating to a high temperature thermal destruction and recovery waste processing system ("TDR technology"). Vanguard markets products and services in the areas of defense, geophysical science, environmental systems, and information technology. The parties had a marketing relationship, the deterioration of which led to subsequent litigation in numerous courts throughout the country.

### A. The Parties' Marketing Relationship

In 1992, Vanguard and PEAT's predecessors, Plasma Energy Applied Technology, Inc. ("Plasma Energy") and its parent corporation, Mason & Hanger National, Inc., entered into a series of contracts enabling Vanguard to license and market Plasma Energy's TDR technology. Plasma Energy filed a U.S. patent application on its TDR technology in 1994, and two years later, PEAT was incorporated and acquired most of the assets of Plasma Energy. The '659 patent, entitled an "Apparatus and Method for Treating Hazardous Waste," issued on July 9, 1996, and was assigned to PEAT.

On December 10, 1997, Vanguard and PEAT entered into a two-year Marketing and Licensing Agreement ("Agreement") that continued their relationship. Vanguard subsequently marketed the TDR technology as PEPS, which stood for Plasma Energy Pyrolysis System. The Agreement provided that "[a] license to use or operate, with appropriate royalties, will be negotiated and included in each contract for the delivery of a PEPS to [Vanguard] by PEAT."

In late 1997, Vanguard entered into a contract with the Tennessee Valley Authority ("TVA") for which Vanguard subcontracted PEAT to construct a waste disposal unit incorporating the TDR technology. The parties refer to the TVA project as a "Phase I System" and the system developed for the TVA project as a "Fixed System." A version of the Fixed System that can be taken apart and moved sometimes is called a "transportable fixed system," to distinguish it from a "Mobile System," or "Phase II System," which is built and then transported by flatbed to a customer's property. In June 1998, Vanguard was named a sub-contractor to build a "Mobile System" for the U.S. Army and Navy. PEAT and Vanguard did not enter into a sub-contract for this work. The Agreement expired under its own terms on December 10, 1999.

On February 15, 2000, PEAT wrote Vanguard asserting that "Vanguard no longer ha[d] the right to market PEAT's TDR technology under any name, or to use PEAT['s] Intellectual Property for the development of future contracts relating to TDR or PEPS technology." According to Vanguard, PEAT's counsel had contacted the Department of the Army and implied that the Phase II System uses PEAT's technology without a license. Vanguard asserts that on August 31, 2000, representatives of the Department of Defense and the Senate Armed Services Committee questioned Vanguard about the Mobile System's use of PEAT's technology. Vanguard contends that at the same time it learned of an alleged effort by PEAT to block Congressional funding of the Phase II contract.

## B. Procedural History

On June 23, 1999, approximately six months before the Agreement expired, PEAT filed suit in the United States District Court for the Northern District of Alabama, alleging among other things, breach of contract, misappropriation of trade secrets, and unfair competition. *PEAT, Inc. v. Vanguard Research, Inc.,* Civil Action No. 99–S–1631–NE (N.D. Ala. June 23, 1999) ("PEAT's first Alabama action"). PEAT did not assert any patent claims. On July 16, 1999, Vanguard moved to dismiss PEAT's first Alabama action for lack of personal jurisdiction, or in the alternative, to transfer the suit to United States District Court for the Eastern District of Virginia. On August 17, 1999, Vanguard filed a demand for arbitration with the American Arbitration Association pursuant to an arbitration clause in the TVA sub-contract, seeking a declaration that it was licensed to use PEAT's technology and alleging breach of contract and fraud in relation to the Phase I sub-contract ("Vanguard's arbitration demand"). PEAT refused arbitration. On September 9, 1999, the Alabama court transferred PEAT's first Alabama action to the Eastern District of Virginia without opposition from PEAT. Following an unsuccessful motion to reconsider the decision to transfer, PEAT voluntarily dismissed the suit on September 16, 1999.

On September 21, 1999, Vanguard filed a declaratory judgment action in the Eastern District of Virginia, seeking a declaration that the claims asserted in its arbitra-

tion demand were subject to arbitration. *Vanguard Research, Inc. v. PEAT, Inc.,* Civil Action No. 99–1412–A (E.D.Va. Sept. 21, 1999) ("Vanguard's first Virginia action"). Two days later, PEAT re-filed suit in the Northern District of Alabama asserting nine claims, many of which were similar to those in PEAT's first Alabama action, including breach of contract relating to both the Phase I and Phase II contracts, unfair competition, trade secret misappropriation, breach of a non-disclosure agreement, breach of fiduciary duty, and breach of the duty of good faith and fair dealing. *PEAT, Inc. v. Vanguard Research, Inc.,* Civil Action No. 99–S–2553–NE (N.D.Ala. Sept. 23, 1999) ("PEAT's second Alabama action"). There were no patent claims included in PEAT's second suit. Vanguard moved to dismiss, transfer, or stay PEAT's second Alabama action on October 20, 1999. Sometime during the same time period, PEAT filed a motion to transfer Vanguard's first Virginia action to the Northern District of Alabama, and the Virginia court denied it on December 15, 1999.

On February 7, 2000, the District Court for the Eastern District of Virginia transferred Vanguard's first Virginia action to the United States District Court for the District of Columbia. *See Vanguard Research, Inc. v. PEAT, Inc.,* Civil Action No. 00–0402(TPJ) (D.D.C.). The Virginia court held that the District of Columbia was the proper venue because of a forum selection clause in the Phase I sub-contract.

On March 7, 2000, Judge Lynwood Smith, presiding over PEAT's second Alabama action, entered an "Order Dismissing Fewer Than All Claims," together with a memorandum opinion. Judge Smith concluded that the Phase II claims were not subject to arbitration and retained jurisdiction of those claims. Judge Smith further ordered PEAT to amend its complaint to omit claims related to the Phase I claims based on the first-to-file rule and the pending litigation in the District of Columbia.

On March 13, 2000, Vanguard filed an action in the District Court for the Eastern District of Virginia for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, seeking a declaration that the '659 patent is invalid and unenforceable and that the Phase II System did not infringe on the '659 patent. *Vanguard Research, Inc. v. PEAT, Inc.,* Civil Action No. 2:00–CV–176 (E.D.Va. Mar. 13, 1999) ("Vanguard's second Virginia action"). Vanguard alleged that it had a "reasonable apprehension" that PEAT would sue Vanguard for patent infringement. PEAT moved to dismiss Vanguard's second Virginia action on the grounds that Vanguard did not have a reasonable apprehension of suit, and that Vanguard's claims were compulsory counterclaims in PEAT's second Alabama action.

On May 16, 2000, District Judge Henry Coke Morgan, Jr., of the Eastern District of Virginia held a hearing regarding PEAT's motion to dismiss. At the conclusion of the hearing, Judge Morgan ruled from the bench that Vanguard's second Virginia action should be dismissed, but at Vanguard's counsel's request, withheld entry of dismissal for ten days and ordered that "plaintiff is granted leave to file a motion to transfer [to Alabama] within ten days of today, and if they file it, I'll grant it." Instead of filing a motion to transfer Vanguard's second Virginia action to Alabama, however, Vanguard moved to transfer it to the District of Columbia on May 26, 2000. On June 15, 2000, Judge Morgan dismissed the suit based on considerations of "judicial economy and fairness," consistent with the court's discretion under the Declaratory Judgment Act, in favor of

the Alabama forum. Judge Morgan reached this conclusion after holding that, under Fourth Circuit law, the patent claims were not compulsory counterclaims to PEAT's second Alabama action. *See, e.g., Painter v. Harvey,* 863 F.2d 329, 331 (4th Cir.1988) (citing *Sue & Sam Mfg. Co. v. B–L–S Const. Co.,* 538 F.2d 1048, 1051–53 (4th Cir.1976)). The Virginia court also found that it had subject matter jurisdiction over Vanguard's second Virginia action for declaratory judgment based on an actual controversy between the parties. Moreover, while stating that Vanguard's motion to transfer to the District of Columbia was "inexplicable" and "not made in good faith," Judge Morgan declined to order "sanctions at [that] time."

On January 4, 2001, the Eleventh Circuit Court of Appeals affirmed Judge Smith's order in PEAT's second Alabama action, which limited that action to the Phase II claims. *Peat, Inc. v. Vanguard Research, Inc.,* 247 F.3d 248 (11th Cir. 2001) (table). Later that same month, on January 29, 2001, Vanguard filed essentially the same declaratory judgment action in the United States District Court for the Northern District of Alabama, which is the case on appeal before this court. *Vanguard Research, Inc. v. PEAT, Inc.,* Civil Action No. 01–J–0279–NE (N.D.Ala. Jan. 29, 2001). On February 15, 2001, PEAT moved to dismiss, arguing that (1) the court lacked jurisdiction because there is no actual controversy between PEAT and Vanguard with respect to PEAT's '659 patent; (2) even if the court had jurisdiction, it should exercise its discretion to decline it; and (3) Vanguard's claims in this lawsuit are compulsory counterclaims under Eleventh Circuit law in PEAT's second Alabama action pending before Judge Lynwood Smith in the same court.

Vanguard argued to the Alabama court that PEAT was collaterally estopped from raising the jurisdictional and compulsory counterclaim defenses based on Judge Morgan's decision in the Eastern District of Virginia. Alternatively, Vanguard argued that (1) the Alabama court had jurisdiction because Vanguard had a reasonable apprehension of PEAT filing a patent suit against it, and (2) its non-infringement and invalidity claims were not compulsory counterclaims to the pending PEAT litigation.

Judge Inge P. Johnson of the Northern District of Alabama converted PEAT's motion to dismiss to a motion for summary judgment and dismissed the complaint with prejudice, ordered Vanguard to pay costs, and awarded PEAT its attorneys' fees. In its memorandum opinion, the district court held that it lacked jurisdiction under the Declaratory Judgment Act because there was no objectively reasonable apprehension that PEAT would bring suit against Vanguard for infringing the '659 patent and further held that Judge Morgan's jurisdiction rulings did not preclude PEAT from challenging the Alabama court's jurisdiction in the separate action. In dicta, the district court stated that "even if th[e] court could find an actual controversy and therefore exercise jurisdiction, it would decline to do so."

On appeal, Vanguard argues that the district court erred by finding that Vanguard did not have a reasonable apprehension of suit for infringing the '659 patent. Vanguard seeks review of (1) the finding of a lack of subject matter jurisdiction; (2) the dismissal with prejudice; (3) the award of costs; and (4) the assessment of attorneys' fees.

This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

### A. Standard of Review

We review a district court's grant of summary judgment de novo, reapplying

the standard applicable at the district court. *Rodime PLC v. Seagate Tech., Inc.,* 174 F.3d 1294, 1301, 50 USPQ2d 1429, 1434 (Fed.Cir.1999) (citing *Conroy v. Reebok Int'l, Ltd.,* 14 F.3d 1570, 1575, 29 USPQ2d 1373, 1377 (Fed.Cir.1994)). Summary judgment is only appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Witter v. Delta Air Lines, Inc.,* 138 F.3d 1366, 1369 (11th Cir. 1998). We draw all reasonable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ Whether the district court had jurisdiction is a question of law that we review de novo. *Kanemoto v. Reno,* 41 F.3d 641, 643 (Fed.Cir.1994). The determination of whether an actual controversy exists under the Declaratory Judgment Act in a patent case is a question of law that we review de novo. *BP Chems. Ltd. v. Union Carbide Corp.,* 4 F.3d 975, 978, 28 USPQ2d 1124, 1127 (Fed.Cir.1993). The district court's factual findings underlying that determination are reviewed for clear error. *Id.,* 4 F.3d 975, 28 USPQ2d at 1127. In reviewing procedural issues that are not unique to patent law, we apply the law of the regional circuit where appeals from the particular district court would normally lie, here the Eleventh Circuit. *Atari, Inc. v. JS & A Group, Inc.,* 747 F.2d 1422, 1438–40, 223 USPQ 1074, 1086–87 (Fed.Cir.1984) (*en banc*), *overruled on other grounds by, Nobelpharma AB v. Implant Innovations,* 141 F.3d 1059, 1067–68, 46 USPQ2d 1097, 1103–04 (Fed.Cir.1998) (*en banc* in relevant part).

## B. Case or Controversy

■ Vanguard argues that it is subject to a continuing reasonable apprehension that PEAT will ultimately sue it for infringement of the '659 patent. Vanguard specifically alleges that PEAT: (1) sought to enjoin Vanguard from production of the Mobile System by filing suit against Vanguard on other grounds, (2) wrote Vanguard a letter indicating that it "no longer ha[d] the right to market PEAT's TDR technology under any name, or to use PEAT['s] Intellectual Property for the development of future contracts relating to TDR or PEPS technology," and (3) repeatedly contacted the U.S. Army and Congress implying to them that Vanguard was using PEAT's technology without PEAT's permission. PEAT counters, arguing that it has never filed a patent claim against Vanguard and "still has not indicated any intention of doing so." PEAT made the same claims at the district court and prevailed. The district court found that "this current case was interposed solely for delay and not because any controversy exists, as required by 28 U.S.C. § 2201. This finding is bolstered by PEAT's repeated statements that it does not intend to sue Vanguard for patent infringement and its ongoing failure to bring such a suit."

■ The reasonableness of a party's apprehension is judged using an objective standard. *Shell Oil Co. v. Amoco Corp.,* 970 F.2d 885, 887, 23 USPQ2d 1627, 1629 (Fed.Cir.1992). "[A]n examination of the totality of the circumstances must be made to determine whether there is a controversy. . . ." *C.R. Bard, Inc. v. Schwartz,* 716 F.2d 874, 880, 219 USPQ 197, 203 (Fed. Cir.1983). Although the best evidence of a reasonable apprehension of suit comes in the form of an express threat of litigation, an express threat is not required. *Shell Oil,* 970 F.2d at 888, 23 USPQ2d at 1630 (citing *Goodyear Tire & Rubber Co. v. Releasomers Inc.,* 824 F.2d 953, 956, 3 USPQ2d 1310, 1312 (Fed.Cir.1987)). To invoke the court's declaratory judgment

jurisdiction, a plaintiff must show "more than the nervous state of mind of a possible infringer," but does not have to show that the patentee is "poised on the courthouse steps." *Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha,* 57 F.3d 1051, 1053–54, 35 USPQ2d 1222, 1224 (Fed.Cir.1995).

We find this case to be indistinguishable from our decision in *Goodyear,* and we thus conclude that the district court erred in finding no actual controversy between the parties. In *Goodyear,* a patentee plaintiff, Releasomers, Inc., sued the Goodyear Tire & Rubber Company ("Goodyear") in state court for misappropriation of trade secrets related to a tire cure bladder technique. 824 F.2d at 954, 3 USPQ2d at 1310. While the state court action was pending, Releasomers was issued two patents related to essentially the same technology at issue in the state court litigation. *Id.* Goodyear then filed a declaratory judgment action in federal district court seeking a declaration that the Releasomer patents were invalid, unenforceable, and not infringed. *Id.,* 824 F.2d 953, 3 USPQ2d at 1310. Relying on an affidavit by Releasomer's president that he had never expressly authorized a suit against Goodyear for patent infringement, the district court held that there was no controversy between the parties and dismissed the action. *Id.* at 956, 824 F.2d 953, 3 USPQ2d at 1312. This court reversed, noting that by suing Goodyear in state court over the same technology, the patentee had "engaged in a course of conduct that shows a willingness to protect that technology." *Id.,* 824 F.2d 953, 3 USPQ2d at 1312. The court further noted that during oral argument, counsel for the patentee said that his client would attempt to discover whether Goodyear was infringing the two patents, and if it was, then he "would have no hesitation whatsoever of

bringing about a lawsuit." *Id.,* 824 F.2d 953, 3 USPQ2d at 1312.

Here, PEAT sued Vanguard for, among other things, misappropriation of trade secrets regarding the same technology in the same district court. The Alabama district court found no actual controversy based on "PEAT's repeated statement that it does not intend to sue Vanguard for patent infringement and its ongoing failure to bring such a suit." However, a patentee's present intentions do not control whether a case or controversy exists. *Id.* The appropriate inquiry asks whether Vanguard had a reasonable apprehension that PEAT would sue it for patent infringement in the future. By filing the earlier lawsuit and informing Vanguard's clients that Vanguard is using the PEAT technology without a license, PEAT has shown "a willingness to protect that technology." *Id.* Filing a lawsuit for patent infringement would be just another logical step in its quest to protect its technology.

We, thus, conclude that there was a reasonable apprehension of suit on the part of Vanguard. The district court clearly erred to the extent that it found otherwise. Moreover, because the second jurisdictional prerequisite—engaging in activity subject to an infringement charge—is uncontested and met here, we hold that there was a sufficient case or controversy between the parties to invoke the jurisdiction of the court under the Declaratory Judgment Act, 28 U.S.C. § 2201. Thus, the district court erred in concluding that it did not have jurisdiction over the declaratory judgment action, and the judgment of dismissal with prejudice is reversed. In light of our determination that there was a sufficient case or controversy to invoke the court's jurisdiction, we need not and do not reach the issue of whether PEAT was collaterally estopped from challenging the

Alabama court's jurisdiction based on the decision of the Virginia court.

## C. Award of Costs and Fees

The district court ordered that Vanguard pay costs and awarded PEAT its attorneys' fees. The Eleventh Circuit reviews the ordering of costs and the awarding of attorneys' fees for an abuse of discretion. *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir.1990). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Both the decision to order costs and to award attorneys' fees were based in part on the court's finding that there was no actual case or controversy between the parties regarding the patent issues. Because the district court erred as a matter of law with respect to that basis for its decisions, we vacate each. We further note that at the time that Vanguard filed this declaratory judgment action, the Virginia district court had ruled in Vanguard's favor that there was in fact a case or controversy between the parties and that the patent issues were not compulsory counterclaims in PEAT's second Alabama action. When a district court finds an actual case or controversy before it but declines to exercise its discretion to hear the case, the filing of a declaratory judgment action in another forum is not per se vexatious litigation.

## CONCLUSION

For the foregoing reasons, we reverse the district court's dismissal of Vanguard's declaratory judgment action. We vacate the ordering of costs and the awarding of attorneys' fees. We do not reach the issue of whether PEAT was collaterally es- topped from challenging the district court's jurisdiction or whether the patent issues in the declaratory judgment action were compulsory counterclaims in PEAT's second Alabama action.

On remand, the district court may consider whether to exercise its jurisdiction over this case. In exercising its discretion, the district court should specifically consider the evidentiary and legal issues involved in both this case and PEAT's second Alabama action. Likewise, the district court should consider the representations made by Vanguard's counsel to this court at oral argument that upon remand, it would file a motion to consolidate this action with PEAT's second Alabama action.

REVERSED–IN–PART, VACATED–IN–PART, AND REMANDED.