**In re RIVASTIGMINE PATENT LITIGATION.**

**No. 05 MD 1661(HB)(JCF).**

United States District Court, S.D. New York.

June 4, 2007.

Barry S. White, James K. Stronski, H. Sarah Park, Frommer, Lawrence & Haug LLP, New York City, for Watson Pharmaceuticals, Inc. and Watson Labs., Inc.

James F. Hurst, Derek J. Sarafa, Ivan M. Poullaos, Winston & Strawn LLP, Chicago, IL, for Sun Pharmaceutical Industries, Ltd.

Robert L. Baechtold, Diego Scambia, Nicholas N. Kallas, Gregory B. Sephton, Fitzpatrick, Cella, Harper & Scinto, New York, NY, for Novartis Pharmaceuticals Corp., Novartis AG, Novartis Pharma AG, Novartis Int'l Pharmaceutical, Ltd., and Proterra AG.

## MEMORANDUM AND ORDER

JAMES C. FRANCIS IV, United States Magistrate Judge.

Defendants Watson Pharmaceuticals Inc. and Watson Laboratories, Inc. (collectively, "Watson") and Sun Pharmaceutical Ltd. ("Sun") seek to amend their answers and counterclaims against plaintiffs Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Pharma AG, Novartis International Pharmaceutical Ltd. and Proterra AG (collectively, "Novartis") to add a claim for attorneys' fees.[1] Novartis opposes the motion. For the reasons set forth below, the defendants' motion is granted.

### Background

This multidistrict litigation concerns the patent rights for rivastigmine tartrate ("rivastigmine"), the active ingredient in Exelon, a medication marketed by Novartis Pharmaceutical Corporation for the treatment of mild to moderate dementia of the Alzheimer's type.[2] Novartis brought actions alleging that the defendants[3] had induced infringe-

---

1. Watson filed a formal motion, while sun submitted a letter seeking similar relief. (Letter of Derek J. Sarafa dated April 4, 2007).

2. The factual background of this litigation is set out at length in previous orders, *see, e.g., In re Rivastigmine Patent Litigation*, No. 05 MD 1661, 2005 WL 957426 (S.D.N.Y. April 25, 2005), and

will be discussed here only as it pertains to the instant motion.

3. Proceedings have been stayed with regard to a third set of defendants in the original action, Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratory, Inc. Those defendants have stipulated that the disposition of their claims will reflect the

ment of two patents owned by Novartis. One defendant, Watson, then counterclaimed against Novartis for a declaratory judgment holding the patents in question to be invalid.

After extensive discovery, Novartis moved to dismiss with prejudice its claims with regard to one of the two rivastigmine patents at issue, U.S. Patent No. 5,602,176 ("the '176 patent"),[4] and to dismiss without prejudice Watson's counterclaims regarding that patent. It also executed covenants not to sue Sun and Watson over the '176 patent. On April 19, 2007, this Court recommended that Novartis' motion to dismiss be granted, conditioned on certain alterations to their covenants not to sue. *In re Rivastigmine Patent Litigation*, No. 05 MD 1661, 2007 WL 1154000 (S.D.N.Y. April 19, 2007). The parties filed no objections to that recommendation.

Before that recommendation was issued, Sun and Watson moved to amend their answers to add certain allegations and defenses concerning Novartis' claims on both the '176 patent and the '807 patent. Among the added claims is a request for attorneys' fees under 35 U.S.C. § 285 on the grounds that the '176 patent was obtained fraudulently and that that claim was prosecuted in bad faith. Novartis does not oppose the amendments concerning the '807 patent. It does oppose the amendments concerning the '176 patent "to the extent that [the defendants] seek[ ] to add a claim for attorneys' fees." (Plaintiffs' Memorandum in Opposition to Watson's Motion For Leave to File An Amended Answer and Counterclaims ("Pl. Memo.") at 1).

*Discussion*[5]

A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also Oneida Indian Nation of New York v. City of Sher-*

*rill,* 337 F.3d 139, 168 (2d Cir.2003), *rev'd on other grounds,* 544 U.S. 197, 125 S.Ct. 1478, 161 L.Ed.2d 386 (2005). Notwithstanding the liberality of the general rule, "it is within the sound discretion of the court whether to grant leave to amend." *John Hancock Mutual Life Insurance Co. v. Amerford International Corp.,* 22 F.3d 458, 462 (2d Cir.1994) (citation omitted); *accord Krumme v. West-Point Stevens Inc.,* 143 F.3d 71, 88 (2d Cir. 1998). In discussing the use of this discretion, the Supreme Court has stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should ... be freely given.

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (internal quotation marks omitted).

The plaintiffs argue that their motion to withdraw voluntarily their claim with regard to the '176 patent divested this Court of subject matter jurisdiction over that claim, thus precluding me from granting the defendants' motion to amend. As I noted in my Report and Recommendation of April 19, 2007, " '[i]t is well-established that a trial court may be divested or deprived of subject matter jurisdiction over a particular patent claim if the patentee covenants not to assert an infringement claim against a putative infringer.' " *In re Rivastigmine Patent Litigation,* 2007 WL 1154000 at *2 (quoting *Crossbow Technology, Inc. v. YH Technology,* No. C–03–04360, 2007 WL 174422, at *2 (N.D.Cal. Jan.22, 2007)). However, as I also explained there, the Federal Circuit's recent decision in *Highway Equipment Co. v. FECO, Ltd.,* 469 F.3d 1027 (Fed.Cir.2006),

ultimate determination of the parallel claims litigated by defendants Sun and Watson.

**4.** Thus, Novartis' claims with regard to the other patent, U.S. Patent No. 4,948,807 (the "'807 patent"), are still at issue in this litigation.

**5.** I note at the outset that the law of the Federal Circuit governs questions of patent law, while the law of the regional circuit applies to procedural questions that are not specific to patent law. *See Madey v. Duke University,* 307 F.3d 1351, 1358 (Fed.Cir.2002). I therefore apply the law of the Second Circuit to the procedural question of whether to allow amendment of the pleadings.

limited this principle to declaratory judgment counterclaims in patent infringement cases.

While the covenant [not to sue on the claims in question] may have eliminated the case or controversy pled in the patent-related counterclaims and deprived the district court of Article III jurisdiction with respect to those counterclaims, the covenant does not deprive the district court of jurisdiction to determine the disposition of the patent infringement claims raised in the Complaint under Rule 41 or the request for attorney fees under 35 U.S.C. § 285.

*Id.* at 1033 n. 1 (internal citations omitted).[6] Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, dismissal at the plaintiff's behest may be made contingent upon "such terms and conditions as the court deems proper." Thus, I recommended that dismissal of Novartis' patent infringement claims be conditioned upon, among other things, allowing the defendants to add a claim for attorneys' fees to their pleadings.

■ Attorneys' fees may be awarded to a prevailing party in a patent infringement action "in exceptional cases."[7] 35 U.S.C. § 285. Here, there is no reason to preclude the defendants from adding a counterclaim for such fees to their pleadings. The plaintiffs do not complain of any prejudice, delay, or futility. Indeed, there would be little basis for such assertions. " '[P]arties ... have been permitted to amend their pleadings long after they acquired the facts necessary to support those claims.' " *Securities and Exchange Commission v. DCI Telecommunications, Inc.,* 207 F.R.D. 32, 34 (S.D.N.Y.2002) (quoting *Richardson Greenshields Securities, Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987)). Here, while the defendants' motion to amend comes after much discovery, much of the conduct that forms the basis of the claim for attorneys' fees (Watson's Amended Answer and Counterclaims to Amended Complaint, attached as Exh. 1 to Watson's Memorandum in Support of its Motion for Leave to File an Amended Answer and Counterclaims ("Def.Memo."), ¶¶ 91–109, 113–168), came to light as a result of documents released pursuant to recent rulings in the case. *See In re Rivastigmine Patent Litigation,* 237 F.R.D. 69 (S.D.N.Y. 2006); *In re Rivastigmine Patent Litigation,* No. 05 MD 1661, 2006 WL 4061853 (S.D.N.Y. Dec.20, 2006). Moreover, the defendants' claims for attorneys' fees also rest in part on the plaintiffs' conduct during litigation, including their motion to withdraw their claim voluntarily and could not have been added prior to the that conduct.

■ Even if the defendant had been dilatory in moving to amend, that alone would not warrant denying the motion. Delay, absent bad faith or prejudice, is not a sufficient basis for denying leave to amend. *See Parker v. Columbia Pictures Industries,* 204 F.3d 326, 339 (2d Cir.2000); *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir. 1993); *Richardson Greenshields,* 825 F.2d at 653 n. 6; *In re Horizon Cruises Litigation,* 101 F.Supp.2d 204, 215 (S.D.N.Y.2000). Here, the delay was not the result of bad faith. As noted above, the claim for attorneys' fees is based primarily on information revealed by documents that were only re-

---

**6.** Novartis reiterates its claim that *Highway Equipment* is "inconsistent" with earlier Federal Circuit case law and that, according to Federal Circuit custom, the earlier holding must be given precedence absent *en banc* reconsideration. *See Newell Companies, Inc. v. Kenney Manufacturing Co.,* 864 F.2d 757, 765 (Fed.Cir.1988) ("This court has adopted the rule that prior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned *en banc*."). (Pl. Memo. at 3 n. 3). But, as I explained in my earlier opinion, *Highway Equipment* is not irreconcilable with Federal Circuit precedent and indeed, the court specifically distinguishes the cases cited by Novartis. *In re Rivastigmine Patent Litigation,* 2007 WL 1154000, at *4. As interpreted by the court in

*Highway Equipment,* those cases address only the court's ongoing subject matter jurisdiction over declaratory judgment counterclaims, rather than the underlying patent infringement claims. *Id.* (citing *Highway Equipment,* 469 F.3d at 1033 n. 1).

**7.** Whether such a claim for attorneys' fees must be formally pled is unclear, *See L.E.A. Dynatech, Inc. v. Allina,* 49 F.3d 1527, 1530 (Fed.Cir.1995) ("District courts possess inherent power to assess attorney fees as a sanction when a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons."), but that issue need not be considered here since Watson's motion to amend their pleadings to add such a claim is granted.

cently produced. Moreover, the delay in the production of those documents was due to the strenuous resistance of the plaintiffs.

Nor will the claim for attorneys' fees prejudice the plaintiffs. Fact discovery regarding the '176 patent claim has been concluded and the defendants seek no additional discovery related to the attorneys' fees claim. (Def. Memo. at 5 n. 11). While both parties will presumably have to brief the claim for attorneys' fees, the expenditure of additional resources involved in doing so is minimal, as the facts and claims involved are essentially those that have been at the center of the case since its inception. Since Novartis' patent infringement action regarding the '176 patent has already been dismissed, concerns about delaying resolution of that claim do not apply here. Nor will this amendment affect the course of litigation over Novartis' claims concerning the '807 patent.

▉ Finally, the motion to amend is not futile. A motion to amend may be denied as futile if the amendment would not withstand a motion to dismiss pursuant to Rule 12(b)(6). *See Oneida Indian Nation,* 337 F.3d at 168; *Milanese v. Rust–Oleum Corp.,* 244 F.3d 104, 110 (2d Cir.2001); *Smith v. CPC International, Inc.,* 104 F.Supp.2d 272, 274 (S.D.N.Y.2000). To overcome objections of futility, the moving party must merely show that it has "at least colorable grounds for relief." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 783 (2d Cir.1984) (citation omitted); *see also Kaster v. Modification Systems, Inc.,* 731 F.2d 1014, 1018 (2d Cir.1984). As noted above, the plaintiffs do not contend that the motion is futile, nor are there any obvious grounds upon which to base a claim of futility, apart from the jurisdictional argument discussed above. The defendants' contention that the patent was obtained fraudulently and that the litigation was prosecuted in bad faith are both sufficient grounds for relief under 35 U.S.C. § 285. *See Serio–US Industries, Inc. v. Plastic Recovery Technologies Corp.,* 459 F.3d 1311, 1321–1322 (Fed. Cir.2006) (stating that exceptional cases under 35 U.S.C. § 285 usually feature conduct such as "fraud or inequitable conduct in procuring the patent, misconduct during litiga-

tion, [or] vexatious or unjustified litigation"); *Kao Corp. v. Unilever United States, Inc.,* 441 F.3d 963, 974 (Fed.Cir.2006) (same).

Accordingly, the defendants' motions to amend are granted. As explained in my previous opinion, this Court retains jurisdiction over the defendants' claims for attorneys' fees despite the dismissal of the underlying claim under Rule 41. *In re Rivastigmine Patent Litigation,* 2007 WL 1154000, at *9; *see also Highway Equipment,* 469 F.3d at 1032–33 & n. 1; *Digeo, Inc. v. Audible, Inc.,* No. C05–464, 2006 WL 3486801, at *3 (W.D.Wash. Dec. 1, 2006); *Polarity, Inc. v. Diversified Technologies, Inc.,* No. C–06–0646, 2006 WL 2982151, at *2 (N.D.Cal. Oct.17, 2006) (pre-*Highway Equipment,* collecting cases for proposition that "[m]ost courts that have considered the issue agree ... that a court retains jurisdiction over a claim for attorney's fees under [35 U.S.C.] § 285 even after [voluntary] dismissal").

*Conclusion*

For the reasons set forth above, the defendants' motions to amend are granted.

SO ORDERED.