RADER, Chief Judge,
concurring.
In this case, Mr. Bauer held himself out as the inventor of the patent in suit when the record makes clear that he knew he was not, especially in light of his attempts at trial to hide the truth. Although I would not approve the district court’s failure to explicitly consider Mr. Bauer’s and Mr. Riceman’s joint letter to the prosecuting attorney, see Highway Equip. Co. v. FECO, Ltd., 469 F.3d 1027, 1037 (Fed.Cir.2006) (affirming finding of no intent where “the record shows that, at the time the *835 patent was filed, [an alleged joint inventor] indicated that he should not be named as an inventor”), I perceive my colleagues to be saying that the district court’s error was harmless. In light of the entire record, I agree with that conclusion.
I write separately to express my view that, absent extreme facts such as those found in the present case, this court should refrain from resolving inequitable conduct cases until it addresses the issue en banc. See Therasense, Inc. v. Becton, Dickinson & Co., Nos.2008-1511, -1512, -1513, - 1514, -1595, — Fed.Appx.-, 2010 WL 1655391 (Fed.Cir. April 26, 2010) (granting rehearing.en banc). In Therasense this court has been asked to address the transformation of inequitable conduct from the rare exceptional cases of egregious fraud that results in the grant of a patent that would not otherwise issue to a rather automatic assertion in every infringement case. The exception has become the rule. Generally, I would hold inequitable conduct cases until after this court reexamines whether to put the doctrine back into the exception category.