NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PRAGMATUS TELECOM LLC,**
*Plaintiff-Appellee*

v.

**NEWEGG INC.,**
*Defendant-Appellant*

---

2014-1777

---

Appeal from the United States District Court for the District of Delaware in No. 1:12-cv-01533-RGA, Judge Richard G. Andrews.

---

Decided: July 31, 2015

---

MARC BELLOLI, Feinberg Day Alberti & Thompson LLP, Menlo Park, CA, argued for plaintiff-appellee. Also represented by ELIZABETH DAY, IAN NEVILLE FEINBERG, CLAYTON W. THOMPSON, II; THOMAS RICHARD BURNS, JR., Adduci, Mastriani & Schaumberg, LLP, Washington, DC.

MARK A. LEMLEY, Durie Tangri LLP, San Francisco, CA, argued for defendant-appellant. Also represented by KENT E. BALDAUF, JR., DANIEL H. BREAN, CHRISTIAN D. EHRET, The Webb Law Firm, Pittsburgh, PA; RICHARD GREGORY FRENKEL, Latham & Watkins LLP, Menlo Park,

CA; EDWARD R. REINES, Weil, Gotshal & Manges LLP, Redwood Shores, CA.

———————————

Before PROST, *Chief Judge,* BRYSON, and DYK, *Circuit Judges.*

PER CURIAM.

I

This appeal arises from a patent infringement action in the United States District Court for the District of Delaware, in which Pragmatus Telecom LLC accused Newegg Inc. of patent infringement. In its complaint, Pragmatus alleged that Newegg's online retail website infringed two of Pragmatus's patents by providing "live chat service over the Internet." The accused features on Newegg's website were implemented by software obtained from third-party software providers LivePerson, Moxie, and Oracle.

Each of the three software providers is now licensed to practice the patents-in-suit. Oracle took a license to the patents prior to the commencement of the Newegg suit. LivePerson and Moxie filed declaratory judgment actions after the commencement of the Newegg suit, and ultimately reached settlements in which they also took licenses to the patents-in-suit.

After the LivePerson and Moxie settlements, Pragmatus moved unilaterally to dismiss its action against Newegg since Newegg's allegedly infringing activities (utilizing software provided by LivePerson, Moxie, and Oracle) were now authorized under the licenses to the three software providers. The district court granted Pragmatus's motion.

In its order, the district court dismissed with prejudice "all claims brought by Pragmatus that relate to live chat products or services provided to Newegg by Moxie,

LivePerson and Oracle Corporation." It also dismissed with prejudice "[a]ll of Pragmatus' claims against Newegg that accrued before the date of its motion [to dismiss]." It dismissed without prejudice "[a]ll other claims by Pragmatus." Finally, the court dismissed without prejudice "[a]ll of Newegg's counterclaims."

Newegg then moved for attorney fees and costs. The district court denied the motions on the ground that Newegg was not a "prevailing party" under 35 U.S.C. § 285 and Fed. R. Civ. P. 54(d)(1). Newegg appeals from the district court's order denying its motions.

## II

The question in this case is whether Newegg is a "prevailing party" for purposes of awarding costs and attorney fees. We review the district court's determination of prevailing party status de novo, applying Federal Circuit law. *See Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2004); *Waner v. Ford Motor Co.*, 331 F.3d 851, 857 (Fed. Cir. 2003).

"[T]o be a prevailing party, one must 'receive at least some relief on the merits,' which 'alter[s] . . . the legal relationship of the parties.'" *Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003), quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 601, 605 (2001). Newegg argues that the district court's order on Pragmatus's voluntary motion to dismiss satisfies that test.

The district court concluded that Newegg was not a prevailing party, because it was merely the incidental beneficiary of the licensing agreements between Pragmatus and the software providers. The district court explained that it had "made no finding regarding any substantive issue in the case" and stated that it "cannot be correct that a party can benefit from a bona fide license

agreement, obtained after litigation began, and claim to be the prevailing party, without a single substantial court decision that favors that party."

To the extent the district court interprets our precedents to require a prevailing party to have won a dispute or benefitted from a substantive court decision, the district court is incorrect. Such a requirement goes beyond the Supreme Court's statements in *Buckhannon*, which require only that the party has obtained a "judgment on the merits," 532 U.S. at 603, resulting in "a corresponding alteration in the legal relationship of the parties," *id.* at 605.

"The dismissal of a claim with prejudice . . . is a judgment on the merits under the law of the Federal Circuit." *Power Mosfet*, 378 F.3d at 1416. At least where such a dismissal is paired with a covenant not to sue, this court has held that the dismissed party must be regarded as the prevailing party. *See Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006) ("[A]s a matter of patent law, the dismissal with prejudice, based on the covenant [not to sue] and granted pursuant to the district court's discretion under Rule 41(a)(2), has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that the district court properly could entertain [a party's] fee claim under 35 U.S.C. § 285.").

The parties disagree about whether the dismissal in this case contained a covenant not to sue. The dismissal order entered by the court dismisses with prejudice "all claims brought by Pragmatus that relate to live chat products or services provided to Newegg by Moxie, Live-Person and Oracle Corporation." But Pragmatus claims that it did not accuse Newegg's use of Oracle software because Oracle had already licensed the patents-in-suit. Pragmatus argues, therefore, that the district court's

order applies only to the claims exhausted by the Moxie and LivePerson licenses.

Pragmatus's argument fails to account for why Oracle was mentioned at all in the dismissal order (which was drafted by Pragmatus). It is also at odds with the generic infringement language contained in Pragmatus's complaint, which asserted that "Newegg has and continues to infringe directly one or more claims of the '231 Patent, including at least by using the system of claim 1 of the '231 Patent to provide live chat service over the Internet." And it is inconsistent with Pragmatus's infringement contentions, which asserted "infringement of every claim identified with respect to the patents-in-suit in response to Patent Local Rule 3-1(a) above by at least the following products: any and all Live Chat products/services that have been offered by Newegg during the period from 6 years prior to the filing of the complaint to the present." The dismissal order (again following the language proposed by Pragmatus) further provides, in even broader terms, that the dismissal extends to "[a]ll of Pragmatus' claims against Newegg that accrued before the date of the motion" to dismiss. That language is therefore clearly not limited to claims covered by the Moxie and LivePerson licenses.

Based on the documents before us, the broad language of the proposed (and final) order appears to have been included to guarantee that there would be no current infringement claims against Newegg and therefore that Newegg's counterclaims would also have to be dismissed. In its motion to dismiss, Pragmatus stated that "[b]ased on the representations made herein, and because there are no current infringement claims against Newegg, Newegg's counterclaims currently have no independent basis for jurisdiction and should be dismissed." Thus, it appears clear that Pragmatus intended for the dismissal order to cover any possible infringement claims and did

not explicitly limit itself to the exhausted claims relating to software provided by LivePerson and Moxie.

Given the comprehensive scope of the dismissal motion and order, we find the dismissal includes a covenant not to sue Newegg for any of its activities prior to the motion as to which Pragmatus might claim infringement, including any possible infringement resulting from Newegg's provision of live chat services using Oracle software. Accordingly, we hold that the court's analysis in *Highway Equipment* controls this case, and that Newegg must be regarded as the prevailing party in the underlying litigation.

In so ruling, we do not, of course, make any determination as to whether Newegg is entitled to attorney fees and costs in connection with the district court litigation. We remand for the district court to determine whether Newegg is entitled to an award of fees or costs in connection with the proceedings before that court under governing standards.

Costs on appeal to Newegg.

**REVERSED AND REMANDED**