MAYER, Circuit Judge,
concurring.
I agree with the court’s opinion, but write separately because this case also satisfies the Supreme Court’s admonition that “a case presenting ... exceptionally merit-less claims may sufficiently set itself apart from mine-run cases to warrant a fee award.” Octane Fitness, LLC v. ICON Health & Fitness, Inc., — U.S.-, 134 S.Ct. 1749, 1757, 188 L.Ed.2d 816 (2014). Because the infringement complaint filed by Rothschild Connected Devices Innovations, LLC (“Rothschild”) was frivolous on its face, the district court abused its discretion in refusing to award attorneys’ fees under 35 U.S.C. § 285.
*1391 Claim 1 of U.S. Patent No. 8,788,090 patent (the “’090 patent”) is directed to the abstract idea of product configuration, reciting “[a] system for customizing a product according to a user’s preferences” using “a remote server including a database.” ’090 patent eol.8 11.66-67. Both the specification and the prosecution history indicate that claim 1 is limited to consumable liquid products. See, e.g., id. col.1 11.21— 62; id. col.4 11.40-64; Joint Appendix (“J.A.”) 769, 799-804, 821, 846-47. Nonetheless, Rothschild has filed scores of infringement complaints, taking an exceptionally broad view of the scope of its patent and asserting that it covers dozens of seemingly unrelated “products” configured using the Internet. J.A. 99-100, 878. The breadth of technologies that have been accused of infringement is remarkable, including such diverse products as home automation systems, home security systems, door locks, mobile apps, thermostats, digital cameras, irrigation sprinklers, coffeemakers, washers, dryers, baby monitors, air conditioners, microwave ovens, dishwashers, smoke detectors, ceiling fans, window shades, pool heaters, telephones, and horns. See J.A. 256-58. Rothschild’s continued assertions that its patent extends to products simply because they are configured using the Internet, see Brief of Plaintiff-Appellee at 19-21, are risible rather than simply unreasonable.*
In assessing patent eligibility under 85 U.S.C. § 101, “the underlying functional concern ... is a relative one: how much future innovation is foreclosed relative to the contribution of the inventor.” Mayo Collaborative Servs. v. Prometheus Labs., Inc., 566 U.S. 66, 88, 132 S.Ct. 1289, 182 L.Ed.2d 321 (2012); see also Motion Picture Patents Co. v. Universal Film Mfg. Co., 243 U.S. 502, 511, 37 S.Ct. 416, 61 L.Ed. 871 (1917) (explaining that “the primary purpose” of the patent system is to promote scientific progress, not to “creat[e] ... private fortunes for the owners of patents”). The ’090 patent falls far beyond the bounds of section 101 because its potential to disrupt future innovation is staggering while its technological contribution is non-existent.
Because section 101 imposes “a threshold test,” Bilski v. Kappos, 561 U.S. 593, 602, 130 S.Ct. 3218, 177 L.Ed.2d 792 (2010), patent eligibility issues generally can, and should, be resolved at the outset of litigation. Neither nuanced legal analysis nor complex technical inquiry was required to determine that the ’090 patent could not be both broad enough to cover the home security products sold by ADS Security, L.P. (“ADS”) and narrow enough to withstand subject matter eligibility scrutiny. See Alice Corp. v. CLS Bank Int’l, — U.S.-, 134 S.Ct. 2347, 2356-59, 189 L.Ed.2d 296 (2014) (emphasizing that abstract ideas applied using generic computer components are patent ineligible); Intellectual Ventures I LLC v. Capital One Bank, 792 F.3d 1363, 1369 (Fed. Cir. 2015) (concluding that a patent directed to “customizing web page content” based upon “information known about the user” fell outside of section 101).
This suit never should have been filed, and ADS deserves to be fully compensated for the significant attorneys’ fees it has incurred. To hold otherwise would only “encourage the litigation of unreasonable [and] groundless claims.” Highway Equip. Co., Inc. v. FECO, Ltd., 469 F.3d 1027, *1392 1035 (Fed. Cir. 2006); see also Octocom Sys., Inc. v. Hous. Computer Servs., Inc., 918 F.2d 937, 943 (Fed. Cir. 1990) (“Where a party blindly disregards long established authority and raises arguments with no factual foundation ... the judicial process, has not been used, but abused.”).

 See, e.g., Larry Downes, The 4 Worst Patents of 2015, Wash. Post, Dec. 14, 2015, https://www. washingtonpost.com/news/innovations/wp/ 2015/12/14/the-4-worst-patents-of-2015/? utm_term=.4c67935643cf (noting that although the '090 patent is "largely gibberish” and "laughably obvious,” Rothschild "is suing everyone who connects something to the Internet”).